UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WESCOM FINANCIAL SERVICES, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN P. MCCORMICK,<br><br>Defendant. | Case No.: CV 17-1928-GW(Ex)<br><br>**PRELIMINARY INJUNCTION ORDER** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

On April 17, 2017, this matter came before this Court on the motion of plaintiff Wescom Financial Services, LLC ("WFS") for a preliminary injunction against defendant Steven P. McCormick ("McCormick"). After considering the parties' briefs, evidence, and oral argument of counsel, the Court took the matter under submission and ordered the parties to submit supplemental briefing.

On May 1, 2017, having read and considered the supplemental filings of the parties, the Court dismissed, without prejudice, WFS' claims *other than* WFS' claim for misappropriation of trade secrets under 18 U.S.C. § 1836, et seq. ("DTSA Claim"), and **GRANTED** WFS' motion for preliminary injunction as follows:

**IT IS HEREBY ORDERED AND DECREED THAT DEFENDANT STEVEN P. MCCORMICK** is immediately enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any director, officer, agent, employee and/or representative of Questar Capital Corporation ("Questar") and/or McCormick Wealth Management, LLC ("MWM"), from doing any of the following until a duly appointed panel of FINRA arbitrators decides WFS' claim for permanent injunctive relief:

(a) soliciting and/or initiating contacts or communications with any current client of WFS whom McCormick serviced while he was employed at WFS, or whose name became known to McCormick by virtue of his employment with WFS, for the purpose of inviting, encouraging, persuading or requesting any such client to do business with McCormick or seeking to have any such client discontinue or diminish any business relationship with WFS; and

(b) directly or indirectly using, disclosing, sharing, transferring or otherwise disseminating WFS' client contact information and customer lists for any purpose, including without limitation, inviting, encouraging, persuading or requesting any client of WFS to surrender, terminate, redeem or discontinue payments towards any insurance products, annuity contracts, security products, or investment advisory products or services.

Nothing in this order shall prohibit McCormick from communicating with and otherwise servicing his *current* clients.

Notwithstanding the above, McCormick may mail announcements of his new employment to WFS's customers so long as the announcement does not include any solicitation of business either directly or implicitly (for example, by including a description of the new services provided by his new company and requesting to talk with the client about those services). As to any previous announcements or

communications wherein McCormick solicited a current or former WFS client for business with his new company, McCormick may not henceforth (until a duly appointed panel of FINRA arbitrators decides WFS' claim for permanent injunctive relief) accept that person or entity as a new client.

**IT IS SO ORDERED** on this 8th day of May, 2017 at 12:52 p.m.

_____
GEORGE H. WU, U.S. District Judge